UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ABD EL SALLAM AWDATALLA,<br><br>Defendant. | CASE NO. CR21-0111JLR<br><br>ORDER |

Before the court is Defendant Abd El Sallam Awdatalla's notice of intent and motion for an extension of time to file a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Mot. (Dkt. # 60).) Plaintiff the United States of America ("the Government") opposes Mr. Awdatalla's motion. (Resp. (Dkt. # 61).) The court has reviewed the submissions of the parties, the relevant portions of the record, and the governing law. Being fully advised, the court DENIES Mr. Awdatalla's motion for an extension of time to file a § 2255 motion.

ORDER - 1

1    On May 24, 2022, the court sentenced Mr. Awdatalla to 54 months in prison and
2 entered judgment.  (Judgment (Dkt. # 59).)  The court received Mr. Awdatalla's notice
3 and motion for an extension of time on May 26, 2023.  (Mot.)  In his motion, Mr.
4 Awdatalla states that he needs an extension of time to file his § 2255 motion because
5 "new information has recently become available to [him] that reflects directly on [his]
6 case." (*Id.* at 1.)  He does not describe to the court the new information that has come to
7 light, nor does he explain the basis on which he seeks to vacate, set aside, or correct his
8 sentence.  (*Id.*)

9    As the Government points out, the statute of limitations for bringing a § 2255
10 motion is one year, which shall run from the latest of the following:  (1) the date on
11 which the judgment of conviction became final; (2) the date on which an unconstitutional
12 governmental impediment that prevented the movant from filing a motion was removed;
13 (3) the date on which the right asserted was initially recognized by the Supreme Court
14 and made retroactively applicable; or (4) the date on which the facts supporting the claim
15 could have been discovered through the exercise of due diligence.  (Resp. at 2 (citing 28
16 U.S.C. § 2255(f)(1)-(4)).)  The statute of limitations may be tolled only where the
17 prisoner shows "extraordinary circumstances" out of the prisoner's control make it
18 impossible to file the motion on time.  *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir.
19 2003); *United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004).  In the ordinary
20 case, a prisoner must include in his or her § 2255 motion the facts that establish the date
21 from which the one-year limitation period starts to run and, if appropriate, the reasons
22 why the statute of limitations does not bar the claim.  *See, e.g.*, Form AO 243,

https://www.uscourts.gov/sites/default/files/AO_243_0.pdf (rev'd Sept. 2017) (including detailed questions regarding timeliness). The court is unaware of any authority that empowers it to preemptively extend the deadline to file a § 2255 motion. Accordingly, the court DENIES Mr. Awdatalla's motion for an extension of time to file a § 2255 motion (Dkt. # 60). This denial is without prejudice to Mr. Awdatalla filing a § 2255 motion in which he demonstrates either that the one-year statute of limitations should run from the date he discovered the new information supporting his claim or that the statute of limitations is subject to equitable tolling.

Dated this 12th day of June, 2023.

JAMES L. ROBART
United States District Judge